NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2005

_____

UNITED STATES OF AMERICA

v.

JEFFREY RIGGINS,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-06-cr-00700-001)
Chief District Judge: Honorable Juan R. Sanchez

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 18, 2022

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed December 2, 2022)

_____

OPINION[*]

_____

AMBRO, Circuit Judge.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 2008, Jeffrey Riggins was sentenced to a 432-month term of imprisonment for drug distribution and for unlawfully possessing a firearm as a convicted felon. At the time, Riggins was sentenced as a career offender under U.S.S.G. § 4B1.1 based on several qualifying predicate offenses, including a Pennsylvania drug trafficking conviction and a Pennsylvania felony robbery conviction.

In 2019, Riggins successfully moved for a sentence reduction under § 404 of the First Step Act. After the Parties agreed on an updated Guidelines range of 262 to 327 months, the District Court resentenced Riggins to a term of 240 months' imprisonment.

Riggins then appealed, arguing that the District Court erred by applying the career-offender enhancement from U.S.S.G. § 4B1.1.[1] He reasons that his prior Pennsylvania robbery conviction no longer qualifies as a crime of violence, and thus his Guidelines range should have been reduced further (along with his sentence).

We must reject Riggins's argument because a district court cannot "recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2402 n.6 (2022); *see also United States v. Shields*, 48 F.4th 183, 190 (3d Cir. 2022) ("*Concepcion* thus validated the District Court's decision to recalculate [the defendant's] Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of his offense, without taking into account any other intervening changes in law . . . .").

We have reviewed the record and identify no error in the District Court's calculation

---

[1] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B), and we have jurisdiction under 28 U.S.C. § 1291.

of the benchmark Guidelines range. Moreover, the sentencing colloquy shows a thoughtful weighing of the relevant 18 U.S.C. § 3553 factors and satisfies us that the District Court "considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority."[2] *Shields*, 48 F.4th at 194 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). We will therefore affirm the judgment of the District Court.

---

[2] We agree with the Government that Riggins's counseled sentencing memoranda abandoned any argument that he should receive a lesser sentence because of the change to U.S.S.G. § 4B1.1. *Compare* Suppl. App. 27–28 & n.3 (Mot. For Resentencing), *with* Supp. App. at 71–78 (Suppl. Mot. For Reduced Sentence); *see also Shields*, 48 F.4th at 190–91 (citing *Concepcion*, 142 S. Ct. at 2396, 2402–03) (requiring a district court to consider nonfrivolous arguments concerning "any intervening changes of law (such as changes to the Sentencing Guidelines)" insofar as they are "raised by the parties") (cleaned up).